IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PATRICK LECLAIRE, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. |
| § | _____ |
| V. § | |
| § | JURY TRIAL DEMANDED |
| § | |
| BUDDY STORBECK'S DIESEL § | SA11CA0619 XR |
| SERVICE, INC. d/b/a UD TRUCKS § | |
| OF SAN ANTONIO, § | |
| § | |
| Defendant. § | |



**PLAINTIFF'S ORIGINAL COMPLAINT.**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

PATRICK LECLAIRE, hereinafter called Plaintiff, brings this Fair Labor Standards Act ("FLSA") suit against BUDDY STORBECK'S DIESEL SERVICE, INC. d/b/a UD TRUCKS OF SAN ANTONIO, hereinafter called Defendant, and shows as follows:

### INTRODUCTION

1. This lawsuit is brought as an individual action by Plaintiff to vindicate his wrongful discharge pursuant to the laws identified herein and under the FLSA to recover wages owed to Plaintiff.

2. BUDDY STORBECK'S DIESEL SERVICE, INC. d/b/a UD TRUCKS OF SAN ANTONIO provides truck and trailer repair, including but not limited to preventative maintenance, in-frame engine rebuild, and out-of-frame engine rebuild, in San Antonio, Texas, since 1976.

BUDDY STORBECK'S DIESEL SERVICE, INC. d/b/a UD TRUCKS OF SAN ANTONIO's policy and practice is to deny earned wages and overtime pay to employees. Defendant's deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA. Plaintiff now brings this action on behalf of himself and all others similarly situated.

## JURISDICTION AND VENUE

3. The subject matter in controversy is within the jurisdictional limits of this Court.

4. The FLSA authorizes Court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. §216(b) and 28 U.S.C. 1331.

5. Venue in this district is proper pursuant to 28 U.S.C. §1391(b) and (c) because BUDDY STORBECK'S DIESEL SERVICE, INC. d/b/a UD TRUCKS OF SAN ANTONIO conducts business in this district.

## PARTIES AND SERVICE

6. Plaintiff, PATRICK LECLAIRE, is an individual who resides in Converse, Texas.

7. Defendant, BUDDY STORBECK'S DIESEL SERVICE, INC. d/b/a UD TRUCKS OF SAN ANTONIO is a Domestic For-Profit Corporation qualified to do business in Texas, and may be served with process by serving its Registered Agent for service, Clinton C Storbeck, at the following address: 5611 Bicentennial, San Antonio, Texas 78219-3003.

## FACTS AND ALLEGATIONS

8. Plaintiff was forty-six (46) years old at the time of his unlawful discharge from Defendant.

9. Plaintiff is an Anglo-American male.

10. On or about February 17, 2004, Plaintiff was hired as a Sales Representative for Defendant.

11. Since 2004, Defendant has been deducting supposed "Floor Plan Interest" from Plaintiff's wages.

12. On or about December 10, 2010, Plaintiff wrote a letter to Defendant addressing the commission chargeback claims for payroll dated December 10, 2010 to prior dates. Plaintiff further complained that he was entitled to wages and was owed compensation, of which Plaintiff demanded to be reimbursed for by noon of December 13, 2010, or Plaintiff would file a Complaint with the Department of Labor or the "Labor Board" or words to that effect.

13. On or about December 13, 2010, Defendant meagerly reimbursed Plaintiff for the commission chargeback claims. Plaintiff was then discharged on the same day. The reasons given for Plaintiff's termination were false and pretextual. Plaintiff's termination was without warning.

14. Defendant is based in San Antonio, Texas.

15. Defendant classifies employees such as Plaintiff and others similarly situated as "non-exempt" employees who are eligible for overtime compensation when they work more than forty (40) hours in a workweek.

16. Defendant and Plaintiff are regularly engaged in commerce for purposes of the FLSA.

17. Defendant failed to accurately record employee's time worked for business-related activities.

18. The net effect of Defendant's policy and practice instituted and approved by company managers is that Defendant willfully fails to pay regular and overtime compensation and willfully fails to keep accurate time records in order to save payroll costs. Defendant enjoys ill-gained profits at the expense of employees.

## CAUSES OF ACTION

### COUNT I

### Violation of the Fair Labor Standards Act (FLSA) of 1938
### Violation of the FLSA's Overtime Requirements

19. Plaintiff reasserts and re-alleges the allegations set forth in all preceding paragraphs.

20. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§201, et seq.

21. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods form commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce, 29 U.S.C. §207(a)(1).

22. Defendant is subject to the regular and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

23. Defendant violated the FLSA by failing to pay Plaintiff regular and overtime compensation in accordance with 29 U.S.C. §206(1)(c), §207(a)(1) and §207(e). In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by Plaintiff.

24. Section 13 of the FLSA, codified at 29 U.S.C. §213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff.

25. Plaintiff is entitled to damages equal to the mandated wage and overtime premium pay within the three (3) years preceding the filing of her Original Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of

whether its conduct was prohibited by the FLSA.

26.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. §216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime pay, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

27.     As a result of the aforesaid willful violations of the FLSA's regular and overtime pay provisions, regular and overtime compensation have been unlawfully withheld by Defendant from Plaintiff. Accordingly, Defendant is liable pursuant to 29 U.S.C. §216(b), together with an additional amount as liquidated damages pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## COUNT II

### Violation of the Anti Retaliation Provision of the Fair Labor Standards Act (FLSA) of 1938

28.     Plaintiff reasserts and re-alleges the allegations set forth in all preceding paragraphs.

29.     Plaintiff complained orally and in writing that he was entitled to wages and was owed compensation or he would file a Complaint with the Department of Labor or the "Labor Board" or words to that effect.

30.     Plaintiff was terminated in retaliation for requesting proper compensation.

31.     Defendant has willfully violated the FLSA by failing to pay Plaintiff wages owed for hours worked during and over forty per week. Plaintiff therefore sues for all unpaid wages that he is owed for the period of his employment. Additionally, Defendant did not act in good faith and Plaintiff is therefore entitled to an equal amount in liquidated damages.

## COUNT III

### Breach of Contract

32. Plaintiff reasserts and re-alleges the allegations set forth in all preceding paragraphs.

33. Defendant offered Plaintiff employment and made promises and representations regarding the employment, which included promises to pay overtime pay for all hours worked in excess of forty hours per week.

34. Plaintiff agreed to these terms, which upon information and belief required Defendant to pay Plaintiff regular and overtime compensations in compliance with state and federal law.

35. Defendant made the above promise each and every day it employed Plaintiff. Defendant breached those promises each and every day it failed to properly pay Plaintiff.

36. Defendant breached the terms of its employment contract with Plaintiff by failing to comply with acknowledged promises made in those contracts. Accordingly, Defendant is liable to Plaintiff for actual, incidental, and consequential damages.

## COUNT IV

### Unjust Enrichment/Quantum Merit

37. Plaintiff reasserts and re-alleges the allegations set forth in all preceding paragraphs.

38. Defendant benefited from the work performed by Plaintiff.

39. Defendant was aware that it was receiving the benefits of this unpaid work at the time the work was being performed and accepted and retained that benefit without paying compensation for it.

40. Defendant's acceptance and retention of the benefit of Plaintiff was inequitable and resulted in Defendant's being unjustly enriched.

## DEMAND FOR JURY TRIAL

41.  Plaintiff hereby requests a trial by jury of all issues triable by jury.

## DESIGNATION OF PLACE OF TRIAL

42.  Plaintiff designates San Antonio, Texas as the place for trial.

## PRAYER

**FOR THESE REASONS**, Plaintiff demand judgment against Defendant and pray for:

(A)  actual damages, including regular wages, overtime wages, back pay, front pay, lost benefits, mental anguish damages, and other compensatory damages;
(B)  liquidated damages as provided by the FLSA;
(C)  punitive damages;
(D)  attorneys' fees, expenses, expert fees, and costs in vindicating the rights of Plaintiffs;
(E)  equitable relief;
(F)  pre-judgment and post-judgment interest at the highest rate provided by law; and such other relief, at law or in equity, as the Court deems just and appropriate.

Respectfully submitted,

By: _____
Glenn D. Levy
Texas Bar No. 12264925
906 West Basse Road, Suite 100
San Antonio, Texas 78212
Telephone:    210.822.5666
Facsimile:     210.822.5650
**ATTORNEY FOR PLAINTIFF
PATRICK LECLAIRE**

Page 7 of 7