IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICK LECLAIRE § | | |
| § | | |
| Plaintiff, § | | |
| vs. § | CIVIL ACTION NO. SA11CA0619 | |
| § | | |
| BUDDY STORBECK'S DIESEL § | | |
| SERVICE, INC. d/b/a UD TRUCKS § | | |
| OF SAN ANTONIO, § | | |
| § | | |
| Defendant § | JURY DEMANDED | |

### DEFENDANT'S MOTION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT

Defendant, Buddy Storbeck's Diesel Service, Inc., files this Motion for Leave to file a Second Motion for Summary Judgment.

On March 12, 2012 Defendant filed a Motion for Summary Judgment (Doc. No. 14), and this Motion was granted in part on April 4, 2012 (Doc. No. 17). However, the Court determined there was a fact issue with regard to whether the "outside salesman" exemption applied to the Plaintiff.

In preparing the case for trial, which was scheduled to begin on June 18, 2012, counsel for Defendant was able to confirm information which should establish as a matter of law that the Plaintiff is exempt from the provisions of the Fair Labor Standards Act ("FLSA"). The parties have also agreed that the case should be tried to the Court, rather than to a jury. The Fifth Circuit has held that in such a case, the Court, as trier of fact, is in a position to "draw his inferences without resort to the expense of trial." *Nunez v. Superior Oil Co*., 572 F.2d 119, 1124 (5th Cir. 1978). *See also, Matter of Placid Oil Co*., 932 F.2d 394, 397-398 (5th Cir. 1991).

The Defendant seeks an opportunity to present evidence in the form of a summary judgment motion that the Plaintiff is exempt from the provisions of the FLSA under 29 U.S.C. § 207(i). It provides as follows:

> No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a work week in excess of the applicable work week specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this Title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

Defendant believes it can conclusively establish that Plaintiff received a regular rate of pay in excess of one and one-half times the minimum wage, and that more than half of his compensation was commissions on goods or services. This argument was not raised in the original motion for summary judgment.

Permitting Defendant to file a second motion for summary judgment would promote judicial efficiency. It is very likely that the time and expense of a trial could be avoided by permitting the filing of a very simple and straight forward motion for summary judgment.

### Certificate of Conference

Counsel for Defendant has discussed the filing of this Motion with counsel for Plaintiff. Plaintiff opposes the Motion.

### Prayer

Defendant prays that the Court grant the Motion and that the Court grant leave to Defendant to file a second motion for summary judgment.

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**


By: /s/  Daniel C. Andrews
     Daniel C. Andrews
     State Bar No. 01240940
     10100 Reunion Place, Suite 600
     San Antonio, TX 78216
     Telephone: (210) 344-3900
     Facsimile:  (210) 366-4301

**COUNSEL FOR DEFENDANT,
BUDDY STORBECK'S DIESEL SERVICE, INC.
D/B/A UD TRUCKS OF SAN ANTONIO**


## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Glenn D. Levy
906 West Basse Road, Suite 100
San Antonio, Texas  78212

          /s/  Daniel C. Andrews
          Daniel C. Andrews