IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICK LECLAIRE | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. SA-11-CA-0619 |
| | § | |
| BUDDY STORBECK'S DIESEL | § | |
| SERVICE, INC. d/b/a UD TRUCKS | § | |
| OF SAN ANTONIO, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION
OF COURT'S ORDER GRANTING DEFENDANT's LEAVE TO
FILE SECOND SUMMARY JUDGMENT**

NOW COMES, Patrick LeClaire, files this, his Plaintiff's Emergency Motion for Reconsideration of Court's Order Granting Defendant's Leave to File Second Summary Judgment, and respectfully shows the Court as follows,

Plaintiff did not have adequate time to respond to Defendant's Motion to Leave to File Second Summary Judgment before the Court issued its ruling, and is of the opinion that the following information is relevant and pertinent for the Court to consider:

1. These are major concerns due to the duplicative nature of a Summary Judgment: the additional hours that would be expended on Plaintiff's case, the very narrow issue for liability at trial, and Plaintiff's counsel's unavailability.

2. There is only one liability issue for trial. The issue is whether the Plaintiff was exempt from overtime. <u>Defendant</u> <u>bears</u> the <u>burden</u> of <u>proof</u> of proving this exemption. The Plaintiff is confident that the Court can consider all the evidence; however, the

determination of that would require Plaintiff to marshal all his evidence without the opportunity to cross examine Defendant's witnesses. Moreover, prior to the Court's rescheduling of a trial date, counsel for Plaintiff and Defendant agreed there would only be four (4) witnesses in this case. Plaintiff intends to call those four (4) witnesses in his case in chief. It would be impossible to gather the evidence in a summary judgment.

3. Preparing a response to this issue is tantamount to trying the entire case by summary judgment. It would result in duplicative work for Plaintiff's counsel at a significant expense to the Plaintiff.

4. This case can be tried in two (2) days, maybe even one and a half days but will take many, many days and man hours to respond to a summary judgment.

5. The entire purpose of a scheduling order is to allow the parties to make strategic decisions about the case. In doing so, Plaintiff chose to make the strategic decision to cross examine Defendant's main two witnesses live at trial. A summary judgment would deprive Plaintiff of that opportunity.

6. Plaintiff indicated it in his Advisory to the Court that he is willing to bifurcate the bench trial to include liability only which would significantly shorten the trial.

7. This summary judgment will not narrow any issues for trial since there is only one issue that exists for trail of liability purposes as stated above.

8. Plaintiff's counsel has had lengthy conversations with opposing counsel that he will be unavailable due to his annual two week family vacation that he takes with his family and small children and will be out of the office until July 9, 2012. This was discussed at length when the Court continued the trail to some unspecified date. Additionally, Plaintiff's counsel and Defendant's counsel also discussed that Defendant's

counsel was leaving on vacation during the 4th of July. Additionally, Plaintiff's counsel's unavailability during the week of July the 9th has now been confirmed in a case in which depositions are taking place in Los Angeles. Finally, Plaintiff's counsel and Defendant's counsel also discussed that Plaintiff's counsel would be unavailable the entire week of August 12, 2012.

9. For the reasons stated above having to respond to a summary judgment at this particular time would be highly prejudicial to the Plaintiff.

10. Had the Plaintiff been aware that withdrawing the jury demand resulted in a summary judgment after the close of evidence, he would not have withdrawn the jury demand and would have tried the case to a jury as previously scheduled.

11. The only purpose for withdrawing the jury demand was to quickly, efficiently, and narrowly decide the very small issue in a bench trial.

12. Finally, the very narrow issue of exemption has already been briefed and ruled on by the Court. Accordingly, the only way the Defendant will be successful is if they produce new evidence in an effort to defeat the Court's ruling. Plaintiff will be unable to conduct any depositions or ask any questions in response to whatever summary judgment evidence the Defendant now produces.

13. The purpose of this Motion is not to defy, but so that justice may be done.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that this Court reconsider granting leave for allowing Defendant's to file a second Summary Judgment. Plaintiff respectfully prays for any other relief, both at law and at equity, to which he is justly entitled.

By: _____/s/ Glenn Levy_____
Glenn D. Levy
State Bar No. 12264925
906 Basse, Suite 100
San Antonio, Texas 78212
Telephone:  (210) 822-5666
Facsimile:   (210) 822-5650
Attorney for Plaintiff,
PATRICK LECLAIRE

CERTIFICATE OF CONFERENCE

Plaintiff has conferred with Defendants, and they are opposed to this Motion.

CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Motion for Reconsideration of Court Granting Defendants' Leave to File Second Summary Judgment was served on all counsel of record via the ECF Federal Filing System on June 20, 2012:

Daniel C. Andrews
State Bar No. 01240940
10100 Reunion Place, Suite 600
San Antonio, TX 78216
Telephone: (210) 344-3900
Facsimile: (210) 366-4301
**COUNSEL FOR DEFENDANT,**
**BUDDY STORBECK'S DIESEL SERVICE, INC.**
**D/B/A UD TRUCKS OF SAN ANTONIO**

_____/s/ Glenn Levy_____
Glenn D. Levy