IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICK LECLAIRE, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. SA11CA0619 |
| BUDDY STORBECK'S DIESEL SERVICE, INC. d/b/a UD TRUCKS OF SAN ANTONIO, | § § § § § | JURY WAIVED |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE HARRY LEE HUDSPETH:**

NOW COMES Plaintiff PATRICK LECLAIRE (hereinafter referred to as "LeClaire"), by and through his counsel of record, files this Response in Opposition to Defendant's Motion for Leave to File Amended Answer and for Reconsideration of Defendant's Motion for Summary Judgment, and in support hereof, would respectfully show this Court the following:

**I.
SUMMARY OF ARGUMENT**

Defendant's actions epitomize unfair surprise and prejudice. If the roles were reversed and Plaintiff was attempting to add a new cause of action after discovery closed, Defendant's would be asking for sanctions in the form of attorney's fees for late and unnecessary briefing. How many bites at the apple does Defendant want? Defendant has previously waived any

Plaintiff's Response in Opposition to Defendant's Motion for Leave to File Amended Answer and for
Reconsideration of Defendant's Motion for Summary Judgment
Page 1 of 5

argument that they could assert the affirmative defense(s) of "retail or service establishment exemption." Defendant is unable to now move for summary judgment on these affirmative defenses. Defendant is further requesting to reurge and move again for summary judgment on the eve of trial. Discovery is closed and the deadlines to amend pleadings are closed. Hence, it is impossible for Plaintiff to determine or establish any more evidence related to this issue. Therefore, summary judgment would be an improper remedy.

## II.
## ANALYSIS

A.  **The Efficient Administration of Justice does <u>Not</u> Require that Defendant be Given Leave to File an Amended Answer; Plaintiff <u>Will</u> Suffer Substantial Prejudice if Defendant is Granted Leave to Amend**

Defendant violated the Fair Labor Standards Act when Defendant failed to pay LeClaire overtime wages that was earned but never received. All discovery and strategy was conducted under the belief that Defendants was asserting the outside sales exemption. Defendant has waived any argument that they could assert the affirmative defense retail establishment because Defendant failed to plead it timely.

"Rule 8(c) requires a defendant to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (internal quotation marks omitted). "In the years since adoption of the rule, the residuary clause [of Rule 8(c)] has provided the authority for a substantial number of additional defenses which must be timely and affirmatively pleaded." See *Aunt Sally's Praline Shop, Inc., vs United Fire and Casualty Company, Inc*. (Exhibit 1) (Case: 10-30746 Summary Calendar 5th Cir 2011 at page 5).

Just as in *Aunt Sally's*, litigating the issue of "retail establishment will be fact intensive. It will require factual witnesses to determine the nature and demeanor of the business of the business. Plaintiff has explained in its Response to Defendants Motion for Second Summary Judgment that the nature and purpose of Defendants business is not retail. However, this issue is cannot be appropriately addressed without a proper course of discovery.

Defendants have "layed behind the Log" and came up with this new affirmative defense AFTER this court had already moved the trial setting on its own.

Plaintiff had no notice of this affirmative defense. It had notice that Defendants claim that they are exempt from overtime.  That is all.  Furthermore, when Defendant's point to their pretrial pleading that they filed, AFTER DICOVER CLOSED, they forget to mention. that the court instructed that any issues would be addressed at trial as we went along.  In Aunt Sally, the 5th Circuit said that in this type of scenario, that the trail court did not abuse its discretion by disallowing the affirmative defense to go forward. Id. At page 7.

The First Circuit has ruled definitely on this issue. *See Wolf v. Reliance Standard Life Insurance Company,* 71 F.3d 444 (1st Cir. 1995).

In *Wolf*, Defendant filed several motions one week before trial asserting the affirmative defense of "ERISA preemption" for the first time. The Court denied the motions and rules that ERISA preemption was an affirmative defense, which Defendants waived by failing to plead it in a timely manner. The Court further denied Defendants' leave to amend its pleadings because it is found to be of undue delay by Defendants and asserted significant prejudice to Plaintiff on the eve of trial.

Plaintiff's Response in Opposition to Defendant's Motion for Leave to File Amended Answer and for
Reconsideration of Defendant's Motion for Summary Judgment
Page 3 of 5

## IV.
## CONCLUSION

For the reasons stated above, Plaintiff has established that Defendant's arguments for their motion for leave to file amended answer and for reconsideration of Defendant's motion for summary judgment are no longer valid. This case is set for a bench trial and the evidence may be obtained directly in a short and concise manner more appropriate for the Court to determine and make determinations of fact and conclusions of law.

## V.
## PRAYER

For the foregoing reasons, LeClaire respectfully requests that the Court deny Defendant's Motion for Leave to File Amended Answer and for Reconsideration of Defendant's Motion for Summary Judgment, and allow LeClaire a trial on the merits of this case.

Respectfully submitted,

By:_____/s/*Glenn D. Levy*___
Glenn D. Levy
Texas State Bar No.12264925
906 Basse, Suite 100
San Antonio, Texas 78212
Telephone: (210) 822-5666
Facsimile: (210) 822-5650

**ATTORNEY FOR PLAINTIFF,
PATRICK LECLAIRE**

Plaintiff's Response in Opposition to Defendant's Motion for Leave to File Amended Answer and for
Reconsideration of Defendant's Motion for Summary Judgment
Page 4 of 5

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document as sent via Electronic Filing Notification System on this the 4rd day of September, 2012, to:

Daniel C. Andrews
State Bar No. 01240940
10100 Reunion Place, Suite 600
San Antonio, TX 78216
Telephone:   (210)-344-3900
Facsimile:   (210)-366-4301

**ATTORNEY FOR DEFENDANT,**
**BUDDY STORBECK'S DIESEL SERVICE, INC.**
**D/B/A UD TRUCKS OF SAN ANTONIO**

                                                                       /s/*Glenn D. Levy*
                                                                    Glenn D. Levy

Plaintiff's Response in Opposition to Defendant's Motion for Leave to File Amended Answer and for
Reconsideration of Defendant's Motion for Summary Judgment
Page 5 of 5